# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Jahmand McNeill, #369401, | ) | Civil Action No.: 1:20-cv-04231-JMC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden Brian Kendell, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Jahmand McNeill, proceeding *pro se*,[1] filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (*See* ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) (D.S.C.), the matter was referred to a United States Magistrate Judge for pretrial handling. On January 22, 2021, the Magistrate Judge issued a Report and Recommendation (ECF No. 10) recommending that the court dismiss the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.* at 2.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation and dismisses Petitioner's Writ of Habeas Corpus (ECF No. 1).

## I.     BACKGROUND

On December 7, 2020, Petitioner initiated the instant action in this court against Respondent by filing a Petition for Writ of Habeas Corpus. (ECF No. 1.) On December 10, 2020,

---

[1] "Because he is a pro se litigant, [Petitioner]'s pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate for [Petitioner]; the court is not required to recognize [Petitioner]'s claims if there is clearly no factual basis supporting them.'" *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

1

the court ordered Petitioner to: (1) either pay the $5.00 filing fee for a habeas corpus action or complete and return an application to proceed in *forma pauperis*; and (2) submit a document providing information as to the timeliness of his Petition. (ECF No. 4 at 1–2.) The court warned Petitioner that failure to comply with the court's Order by December 30, 2020, may subject the case to dismissal. (*Id.*)

The court filed a second Order on January 4, 2021, again directing Petitioner to: (1) either pay the $5.00 filing fee for a habeas corpus action or complete and return an application to proceed in *forma pauperis*; and (2) submit a document providing information as to the timeliness of his Petition. (ECF No. 7 at 2.) Petitioner was warned that failure to comply with the court's Order by January 19, 2021, "will result in a recommendation that this matter be dismissed for failure to prosecute." (*Id.* at 1, 2–3.) Petitioner did not file a response. (ECF No. 10 at 2.) As a result, on January 22, 2021, the Magistrate Judge issued a Report recommending that the court dismiss this case without prejudice for failure to prosecute pursuant to Rule 41. (ECF No. 10 at 2.)

## II.    LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or

modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

### III.  ANALYSIS

A.  <u>The Magistrate Judge's Review</u>

In the Report, the Magistrate Judge first noted that "[i]t is well established that a district court has authority to dismiss a case for failure to prosecute." (ECF No. 10 at 2 (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).) The Magistrate Judge observed that Petitioner failed to respond to the court's December 10, 2020 and January 4, 2021 Orders. (*Id.*) Based on Petitioner's failure to respond, the Magistrate Judge concluded that Petitioner does not intend to pursue the matter and on January 22, 2021, issued a Report recommending that the court dismiss this case without prejudice for failure to prosecute pursuant to Rule 41. (*Id.* at 2.)

B.  <u>No Objections by McNeill</u>

The Magistrate Judge advised the parties of their right to file specific written objections to the Report within fourteen (14) days of the date of service. (ECF No. 10 at 3 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)).) However, neither of the parties filed any objections before the deadline.

In the absence of a timely objection to the Magistrate Judge's Report, the court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting an advisory committee note on Fed. R. Civ. P. 72). Furthermore, failure to file specific written objections to the Report results in a party's

waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After conducting a thorough review of the Report and record in this case, the court concludes that the Report provides an accurate summary of the facts and law and does not contain any clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 10) and **DISMISSES WITHOUT PREJUDICE** the Petition for Writ of Habeas Corpus (ECF No. 1) pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable judges would find this court's assessment of his constitutional claim is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See, e.g.*, *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 7, 2021
Columbia, South Carolina